IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JORDAN KEITH AHENAKEW, | CV 25–98–GF–DWM |
| Plaintiff, | ORDER |
| v. | |
| STATE OF MONTANA, ET AL., | |
| Defendants. | |

Plaintiff Jordan Ahenakew filed a pro se 42 U.S.C. § 1983 lawsuit. (Doc. 2.) The Complaint failed to state a claim for relief, as described in the Court's prior Order. (Doc. 8.) Ahenakew was allowed to amend. His Amended Complaint likewise fails to state a claim and is dismissed. (Doc. 9.)

Ahenakew heeded certain aspects from the Court's prior Order by dropping some of the defendants against whom he failed to state a claim or who were immune from suit. However, he has not otherwise amended his complaint sufficiently to state a claim. Ahenakew's federal claims arise under the Fourth, Fifth, and Fourteenth Amendments. (Doc. 8.) He claims he was arrested without probable cause, his hotel room was searched without a warrant, his property was illegally seized, and officers used excessive force in arresting him. (Doc. 9 at 4.)

Ahenakew's main concern appears to be that he was not given bail. (Doc. 9-

1

1 at 4.) Ahenakew has not alleged sufficient facts to state such a claim. A determination of whether the Eighth Amendment's Excessive Bail Clause has been violated requires determining the valid state interests bail is intended to serve for a particular individual and judging whether bail conditions are excessive for the purpose of achieving those interests. The state may not set bail to achieve invalid interests, nor in an amount that is excessive in relation to the valid interests the state seeks to achieve. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007). Other than his conclusion that bail was set to high, Ahenakew has provided no facts to state such a claim. Nor has he named an appropriate defendant related to his claim. Ahenakew fails to state a claim for excessive bail.

As to his claims related to his arrest, to prevail on a § 1983 claim for false arrest, Ahenakew would have to demonstrate that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). Ahenakew also must show that he did not subsequently plead guilty to any related charges, because such a plea waives any claims regarding non-jurisdictional defects, including claims of constitutional violations that may

2

have occurred prior to the plea. *Sandy v. Bragg*, No. OP 22-0624, 2022 WL 17168454, at \*1 (Mont. Nov. 22, 2022). Other than his blanket assertions, Ahenakew has alleged no facts that state a claim under this standard. He asserts that there was no probable cause to arrest him but alleges no facts that show why not.

In addition, the Court observes that Ahenakew is currently incarcerated. As a result, Ahenakew has failed to state a claim for false arrest, unless the charges are unrelated to the charges in his complaint. If Ahenakew believes he is currently illegally incarcerated, that is a claim for a petition for habeas corpus and not a civil rights claim. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487.

Ahenakew's allegation of excessive force comes closer to stating a viable claim, but he fails to cross "the line from conceivable to plausible." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 680 (2009). He alleges the police "used excessive force" by twisting his arms, pulling a bone out of place, and putting his life in danger. (Doc. 9-1 at 3.) This sounds like a serious allegation. But the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, at 678 (quotations omitted).

Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)). *See also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Ahenakew does not meet this standard. His Amended Complaint is not brief. He includes several pages in his statement of claims, yet he fails to allege sufficient facts to state a claim of excessive force. Ahenakew alleges no injuries related to this excessive force. (Doc. 9 at 5.) Nor does he explain what happened, other than just using labels. He does not allege any facts as to the conduct of the sole police

officer defendant to explain what he might have done. Ahenakew does not state a plausible claim for excessive force.

Given the dismissal of Ahenakew's federal claims, the Court declines to exercise its supplemental jurisdiction over Ahenakew's state law claims, which "substantially predominate" over Ahenakew's federal claims in his Amended Complaint. 28 U.S.C. § 1367(c)(2) and (3).

Accordingly, it is HEREBY ORDERED:

1.    Ahenakew's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close this matter and enter judgment.

2.    The Clerk is directed to note in the docket that the dismissal of this action counts as a strike within the meaning of 28 U.S.C. § 1915(g). Appeal would not be taken in good faith.

DATED this ____ day of March, 2026.

_____
Donald W. Molloy, District Judge
United States District Court